ORIGINAL

4-1398

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE VICKI PRUITT JOHNSON | § | CASE NO. 4-23CV-454-0 |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| TARRANT CO. JUNIOR COLLEGE, | § | |
| TARRANT CO. PERSONNEL, CIVIL SERVICE, | § | |
| AND GOVERNMENT, CITY OF FORT WORTH, | § | |
| FORT WORTH INDEPENDENT SCHOOL, | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.
### JURISDICTION

1. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1343 OF THE CIVIL RIGHTS AND ELECTIVE FRANCHISE: THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION OF ANY CIVIL ACTION AUTHORIZED BY LAW TO BE COMMENCED BY ANY PERSON:

   1. TO RECOVER DAMAGES FOR INJURY TO HIS PERSON OR PROPERTY, OR BECAUSE OF THE DEPRIVATION OF ANY RIGHT OR PRIVILEGE OF A CITIZEN OF THE UNITED STATES BY ANY ACT DONE IN FURTHERANCE OF ANY CONSPIRACY MENTIONED IN § 1985 OF TITLE 42;

   2. TO RECOVER DAMAGES FROM ANY PERSON WHO FAILS TO PREVENT OR TO AID IN PREVENTING ANY WRONGS MENTIONED IN § 1985 OF TITLE 42 WHICH HE HAD KNOWLEDGE WERE ABOUT TO OCCUR AND POWER TO PREVENT;

   3. TO REDRESS THE DEPRIVATION UNDER COLOR OF ANY STATE LAW, STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF ANY RIGHT, PRIVILEGE, OR IMMUNITY, SECURED BY THE CONSTITUTION OF THE UNITED STATES OR BY ANY ACT OF CONGRESS, PROVIDING FOR EQUAL RIGHTS OF CITIZENS OR OF ALL PERSONS WITHIN THE JURISDICTION OF THE U.S.

   4. TO RECOVER DAMAGES OR TO SECURE EQUITABLE OR OTHER RELIEF UNDER ANY ACT OF CONGRESS PROVIDING FOR THE PROTECTION OF CIVIL RIGHTS, INCLUDING THE RIGHT TO VOTE.

PLAINTIFF'S ORIGINAL COMPLAINT - PAGE ONE.

II. THIS COURT HAS JURISDICTION UNDER U.S. CONST. ART. III, § 2, FIRST, FIFTH, AND FOURTEENTH AMENDS. ACTIONABLE UNDER 42 U.S.C. § 1985.

III. THIS COURT HAS JURISDICTION UNDER THE ADMIRALTY CLAUSE U.S. CONST. ART. III § 2.

## II.
## ALL CONDITIONS PRECEDENT HAVE OCCURRED OR HAVE BEEN PERFORMED
### FED. R. CIV. P. 9©

(1) Plaintiff has been denied a federal right.

(2) Plaintiff sought and was denied just compensation in a state suit.

(3) A violation of the Fifth Amendment attached when Plaintiff used the procedure and was denied just compensation and the complaint is ripe where injury has occurred.

(4) A property owner can reserve the right to litigate federal issues in a federal forum under the doctrine of ENGLAND V. LOUISIANA STATE BOARD OF MEDICAL EXAMINERS, 375 U.S. 411 (1964).

(5) Where state officials have a connection to enforcement of the state constitution under the FIFTH AMENDMENT, the Constitutional Amendments challenge Plaintiff's equal access to the legislative process due to the Attorney General's connection to enforcement and causal connection to the acts constitutionality in a private suit for Damages under 28 U.S.C. § 2403(a).

(6) The state can be sued directly for equitable relief for failing to comply with a federal Constitutional obligation where the constitution requires a particular remedy such as through the DUE PROCESS, EQUAL PROTECTION, OR TAKINGS CLAUSES.

III.
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### 42 U.S.C. § 1985

1. Where state officials have a sufficient connection to enforcement of the state constitution under the FIRST, FIFTH, AND FOURTEENTH AMENDMENTS, the Constitutional Amendments challenged the plaintiffs equal access to the legislative process and freedom of speech. U. S. CONST. ART. I.

2. The Civil Rights Act of 1871 guarantees a federal forum for claims of unconstitutional treatment at the hands of state officials.

3. The state was required to provide the remedy in its own courts, notwithstanding sovereign immunity because there is no sovereign immunity when Defendant's et al., violate federal law. DIGITAL RECOGNITION V. HUTCHINSON,803 F.3D 952(8TH CIR.,2015). ERNST V. ROBERTS,379 F.3D 373(2004),42 U.S.C.§1985.

4. The Supreme Court explained state courts are capable of adjudicating federal claims along with state claims and states are required to adjudicate takings claims because if a state provides just compensation, resort to a federal court may be avoided.
Cf. case# 4-19-CV-452-A:(2019)(USDCNDT).

5. The Texas Attorney General had the authority to enforce the statutes at issue brought in the name of the state. The Texas Attorney General had the authority to defend the constitutionality of the statute in the event of a lawsuit by a private litigant and to petition the Governor for a redress of grievances.

6. "The case establishes only that traditional requirements for injunctions do not apply when the A.G. is authorized by a specific statute to seek relief." Plaintiff submits that the A.G. had sufficient connection to defend the constitutionality of actions filed in federal court by and through their authorization and verification of form submitted by Co-Defendant's with or without Governor's instruction. Cf. Notice of Constitutional Question:28U.S.C.2403(ⱥ),28U.S.C.§ 1343.

7. FORM TO STATE ATTORNEY GENERAL PAXTON from CO-DEFENDANT TARRANT CO. ASSISTANT DISTRICT ATTY. KEITH OGLE & CO DEFENDANT SUPREME COURT ASSISTANT CLERK HOLT, (whose given name of consequence is of African American dissent). Document corroborates and substantiates violation of U. S. CONST. IV AMEND, where envelopes were open and documents were removed from inside plaintiff's home without replacement of official documents that bore defendant's signatures.

PLAINTIFFS ORIGINAL COMPLAINT - PAGE THREE

8. By analogy to <u>DIGITAL RECOGNITION V. HUTCHINSON(supra)</u>, plaintiff submits that the Texas Attorney General had sufficient connection to defend the constitutionality in the event of a lawsuit by a private litigant through a Declaratory Judgment concerning the constitutionality of their actions in relation to plaintiff's injury where form signed off on under 28 U.S.C.§2403(b) was a violation thereof.

9. The Attorney General may join a private litigant in defending THE FIFTH AMENDMENTS TAKING CLAUSE. The necessary relief would prohibit the Attorney General from intervening to defend co-defendants in violation of federal law.

## IV.
## IT IS THE NATURE OF THE FUNCTION PERFORMED BY THE STATE JUDGE THAT DETERMINES THE OUTCOME IN AN IMMUNITY ANALYSIS

1. Digital Recognition relies on two decisions of this court concluding that state officials are subject to suit when they are proper defendants based on authority that is contingent on intervening acts of a third party. <u>DIGITAL RECOGNITION V. HUTCHINSON, SUPREME COURT OF VIRGINIA V. CONSUMERS UNION OF UNITED STATES INC.,446 U.S. 719(1980). 28 U.S.C. 1343.</u>

2. Because the Virginia Courts enforcement role rendered it liable to a coercive suit, a sufficiently concrete dispute was made out against the Virginia Court as an enforcer. Here, the Virginia Court was also held subject to suit for injunctive and declaratory relief because it possessed the power to enforce and administer disciplinary rules against members of the state bar and against Judges for acts in an administrative or enforcement capacity. Where proof exists in the record, reliance on the Virginia Courts disciplinary enforcement authority must be relied upon. <u>SUPREME COURT OF VIRGINIA V. CONSUMERS UNION OF UNITED STATE INC.,446 U.S.719(1980). ALIA V. MICHIGAN Supreme,906F.2D 1100(1990).</u>

3. Where it is the administrative action which determines the extent of the injury the court found Defendant Judges acting in administrative capacity were not entitled to absolute judicial immunity when not acting in a judicial or adjudicative capacity..CF.JUDGE KING, JUDGE WALLACE. <u>ALIA V. MICHIGAN SUPREME,906 F.2D1100(1990).</u>

Defendants delegated judicial power without jurisdiction. Defendants promulgated enforcement without the authority to do so. Defendants mandated sanctions and thereby denied plaintiffs constitutional rights by the taking of property without due process. Ibid.

4. To the extent they acted in their enforcement capacities neither legislative or judicial immunity apply when judges act as enforcers of the law, immunity does not shield the courts justices from suit in this case. Ibid.

<u>PLAINTIFF'S ORIGINAL COMPLAINT - PAGE FOUR.</u>

5. If the federal takings claim is ripe in federal court now, it was ripe in state court at the time of the state court litigation.

6. As in the present case, the federal claims do not require administrative exhaustion, however state claims do. Rooker Feldman is inapplicable and Plaintiff's England Reservation defeats Rooker Feldman as well as res judicata. The federal court should find a taking of property under the FIFTH AMENDMENT, where the Plaintiff is entitled to relief without undermining any of the State Courts conclusions.

## V.
## PRECEDENTS

1. A party may readily forestall any conclusion that she has elected to return to the District Court by making on the state record a reservation to the disposition of the entire case by the state courts. When a reservation has been made her right to return must in all events be preserved.

2. No court has held that when a Plaintiff reserves her federal claims in an England reservation and does not litigate them in the state courts, that claim preclusion will operate to bar a federal court action. There are fundamental objections, to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court can be compelled without her consent, to accept instead a state courts determination of those claims.

3. Some courts have held that a plaintiff in state court for the sole purpose of ripening her claims under Williamson County's 2nd prong is in state court involuntarily, and therefore can make an England Reservation of her Federal Takings Claims for federal disposition. Under the FIFTH AMEND. state courts may adjudicate federal claims along with state claims where the federal and state claims are not indistinguishable.(are different).
ENGLAND V. STATE BOARD OF MEDICAL EXAMINERS,374 U.S.411(1964).

4. Also, Cf. BARNES V. MC DOWELL, allowing federal constitutional substantive due process claim to go forward despite previous state court action arising from same set of facts. Plaintiff Vicki Pruitt Johnson made an England Reservation of federal takings claims in the TEXAS SUPREME COURT - OCTOBER 8, 2018 - and reserved the claims for later adjudication in federal court.

5. A party's England Reservation of federal takings claims in a state takings action will defeat claim preclusion in a subsequent federal action.

VI.

(1) The Plaintiff can demonstrate that procedures offered by the state were clearly inadequate, where the state regulatory system had no discretion over the petitioner's use of her property.

(2) A zoning ordinance constitutes a taking where it inflicts an irreparable injury on the owner. This case establishes the Plaintiff's right to relief necessarily depends on substantive and material questions of federal law alleging violations of the FIRST, FIFTH, AND FOURTEENTH AMENDMENTS to the United State 's Constitution.

(3) The application of a general zoning law to particular property effects a taking if the ordinance denies an owner economically viable use of her land. In this instance, the Plaintiff's ability to sell or develop her property was non existent. KAISER AETNA ET AL.,v UNITED STATES,444 U.S v.164 (1979).

[U.S. CONSTITUTIONAL AMEND. ART.1,SEC.8, CL.3,CONGRESSIONAL POWERS AMONG THE STATES, FOREIGN NATIONS, AND INTRASTATE TO REGULATE COMMERCE].#3, P.1.

[U. S. CONSTITUTIONAL AMEND. ART.1, SEC.8,CL.18.CONGRESSIONAL POWER TO MAKE ALL LAWS NECESSARY AND PROPER TO CARRY INTO EXECUTION POWERS VESTED IN THE GOVERNMENT OF THE U.S., DEPT., OR OFFICER THEREOF].#3, P.1.

(4) THE FIFTH AMENDMENTS requirement of just compensation forces the states to provide a judicial remedy in their own courts . The constitution mandates the availability of effective remedies for takings and accordingly requires courts to provide those remedies, the sovereign immunity states traditionally enjoy in their own courts not withstanding. FIRST ENGLISH EVANGELICAL LUTHERAN CHURCH V. CITY OF LOS ANGELES,483 U.S.304(1987).

(5) An ordinance is a violation of the police powers by extinguishing a fundamental attribute of ownership, and where zoning ordinances constitute a taking, damages for inverse condemnation are available to a landowner through a declaratory judgment cause of action where no eminent domain proceedings were initiated by the [City of Fort Worth],[Tarrant County Personnel, Civil Service, and Government], [Fort Worth Independent School District], [Fort Worth School Board], [Tarrant County Junior College], (in possession).KAISER AETNA ET AL., V. U.S.,444 U.S.164(1979).

(6) The court held that the plaintiff could not bring a takings claim in federal court until the Plaintiff had pursued an inverse condemnation action-that is, a lawsuit seeking compensation for the taking-in state court. WILLIAMSON CO. V. HAMILTON BANK,473U.S.172,(1985). Inverse condemnation is the manner in which a landowner recovers just compensation for the taking of her property when eminent domain proceedings have not been initiated.

(7) Although express terms of the complaint were compared with factual allegations, plaintiff contends the state courts erred by sustaining a demurrer where allegations are taken to be true unless contrary to law or fact and the court may take judicial notice of municipal or county ordinance. Judge Wallace

PLAINTIFFS ORIGINAL COMPLAINT - PAGE SIX.

## VII.
## IMMUNITY

Eleventh amendment immunity does not protect municipal corporations, or other governmental entities that are not political subdivisions of the state, such as cities, counties, or school boards. 28 U.S.C. § 1343

The states surrendered a portion of the sovereign immunity that had been preserved for them by the Constitution when the XIV AMEND was adopted. Congress may authorize private suits against non consenting states to enforce the Constitutional guarantees of the XIV AMEND. The XI AMEND is a limit on federal subject matter jurisdiction, and Congress can override it by statute only pursuant to the § V enforcement power of the XIV amendment.

## VIII.
## RIPENESS

1. Williamson's prong one ripeness is a factual determination, and that determination allows the court to determine whether violation of the FIFTH AMEND.'S TAKINGS CLAUSE has occurred.

2. No violation occurs until the Plaintiff has used the procedure and been denied compensation. Plaintiff sought just compensation and none was awarded.

3. The state has not really "taken" property without just compensation until a state court has reached a final decision upholding the government's actions. Because eminent domain proceedings were never initiated, just compensation may be recovered through inverse condemnation proceedings.

4. WILLIAMSON CO. is clearly concerned with ripeness and insuring an injury has occurred, the TAKINGS CLAIM is ripe for adjudication under Williamson Co. where the ripeness requirements for Federal Takings are met.

1.) Prong one ripeness requires a final decision be reached in the Texas Supreme Court. 10/8/2018 RE:CASE NO.18-0857,COA# 02-18-00011-CV, TC#:096-288873-16.STYLE:JOHNSON V.JOHNSON

2.) Prong two ripeness requires the plaintiff seek compensation through procedures the state provided for doing so.

5. The ripeness requirement for federal takings claims stems from both ART.III AND THE FIFTH AMEND. and are of constitutional dimension because they assist in the determination of whether an injury has occurred for purposes of ART. III CASE OR CONTROVERSY JURISDICTION. <u>WILLIAMSON CO. REGIONAL PLANNING COMMISSION V. HAMILTON BANK,473 U.S.172(1985).</u>

IX.
## FEDERAL REGULATION UNDER THE COMMERCE CLAUSE

1. This court has jurisdiction under the ADMIRALTY CLAUSE. U.S.CONST.art. III § 2. In analogy to KAISER AETNA ET AL., V. U. S., INFRA. Plaintiff controls access to private property and can deny access to public. The government lacked authority to open property to public without compensation to owner.

2. Held: if the government wishes to make what was formerly KUAPA POND into an aquatic park, it may not, without invoking its eminent domain power and paying just compensation, require them to allow the public free access to the dredged pond. The government has held that there is no blanket exception to the Takings Clause of the FIFTH AMEND. whenever Congress exercises its commerce clause authority under U. S. CONST. ART. I, SEC.8, CL.3. CONGRESS SHALL HAVE THE POWER TO REGULATE COMMERCE..

3. Because Congress extensive commerce clause authority does not depend on a streams navigability, it may prescribe rules and assure the public access if it so chooses. Here, however the governments attempt to create a public right of access to the improved pond goes far beyond an ordinary regulation or improvement for navigation involved in a typical condemnation case and amounts to a taking requiring just compensation. For these reasons;(1) The City of Fort Worth, (2)Tarrant County Personnel, Civil Service and Government, (3)Fort Worth Independent School District, and (4) Tarrant County Junior College,(currently in possession)lacked authority to open the private property to the public without payment of just compensation to it's owner.

4. None of the cases ever doubted that if the government wished to acquire property, it was acquired by the eminent domain clause of the 5th amendment to condemn and pay fair value for that interest, and assertion of public access constitutes a compensable taking.

5. If the government wishes to make what was formerly the law office of Joe Jackson Johnson Jr. into Tarrant County Junior College, it may not without invoking its eminent domain power and paying just compensation require the owner to allow free access while petitioners agreement by their customers calls for an annual $72.annual fee. KAISER AETNA(SUPRA).

6. The court noted that the tests of navigability set forth originated in cases of federal regulation. It also noted that Congress has authority to regulate navigation far beyond the limitations of navigability and from these indisputable propositions the court concludes that navigable waters for other purposes need not be the same as the navigable waters to which the navigational servitude applies. Navigable water situated as this canal is, used for the purposes for which it is used, is a highway for commerce between places in intrastate commerce, is within the legitimate scope of the admiralty jurisdiction conferred by the constitution and statutes of the United States, under U.S. CONST. ART. III, Sec. 2.

7. Congress pursuant to its authority under the necessary and proper clause of U.S. CONST. art. I to enact laws carrying into execution the powers vested in other departments of the FEDERAL GOVERNMENT has also been recognized as having the power to legislate without regards to matters concerning admiralty and maritime cases. Cf. 28 U.S.C. § 2071.

8. Where there is determination that governmental action constituted a taking, the application of a general zoning law to particular property effects a taking if it denies an owner economically viable use of land and inflicts irreparable injury to the land owner. As Justice Brandeis stated an essential element of individual property is the legal right to exclude others from enjoying it.

## X.

1. Where a federal forum is essential to ensuring fair consideration of the property owner's claims framers of the XIV AMENDMENT incorporated the Bill of Rights against the states to preclude such abuses by state governments and ensure vindication of the petitioner's rights in federal court. Even if government physically invades only an easement in property, it still must pay just compensation.

2. Under JACOB V. U.S.,290 U.S.13(1933). THE FIFTH AMENDMENT'S RIGHT TO FULL COMPENSATION ARISES AT THE TIME OF THE TAKING. A PROPERTY OWNER WITH A VALID TAKINGS CLAIM IS ENTITLED TO COMPENSATION "PAID CONTEMPORANEOUSLY WITH THE TAKING" AND THE COMPENSATION MUST CONSIST OF THE TOTAL VALUE OF THE PROPERTY WHEN TAKEN, PLUS INTEREST FROM THAT TIME.

3. §V OF THE XIV AMEND. empowered Congress to enforce the amend. Congress may outlaw discrimination on its own initiative. We explained that nothing in the legislative history of 1988 indicated that Congress intended to permit an award of attorney's fees to be premised on acts for which the defendants would enjoy absolute immunity. Because the Virginia courts enforcement role rendered it liable as a coercive suit under 1985, it was also liable for atty. fees under 1985.

When Tarrant County Assistant District Attorney Keith Ogle used Federal Court Officials to defend his representation of State Court Officials, he violated the 5th amend. and as previously noted the 6th amend. to the U.S. Constitution. cf. (case #4-19cv-452-A).September 13, 2013. State prosecutors cannot prosecute federal law.

While the typical taking occurs when the government acts to condemn property in the exercise of its power of eminent domain, the doctrine of inverse condemnation is predicated on the proposition that a taking may occur without such formal proceedings.

PLAINTIFF'S ORIGINAL COMPLAINT - PAGE NINE.

The facts and law satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on the party the signing atty. represents, both or an unrepresented party signing the pleading and the new rule so provides through costs or contempt. Attorneys signature violates the rule.P.3#7, P.4# 8,9.

## XI.
## PRAYER

Declaratory, injunctive, and compensatory relief is therefore prayed where a concrete injury was in fact caused by Defendants. A Declaratory Judgment action about the validity of a contract should bring into controversy the value of the whole contract. The proper rule is that the amount in controversy is the amount involved as a direct legal effect of the judgment; what that will be in a particular case depends on the applicable substantive law.

In a suit for specific performance of a contract to sell land, it is the fair market value of the land that is in controversy. Jurisdiction is present if the value to Plaintiff exceeds the jurisdictional amount. Its right to operate and conduct it's business free from wrongful interference by Defendant's had a value in excess of the jurisdictional amount, and the value of the protection of that right was determinative of the jurisdiction. It is sufficient that there is a present probability that the value of the matter in controversy will exceed the jurisdictional amount. Jurisdiction is present if the value to plaintiff exceeds the jurisdictional amount.

The rule governing cases brought in the federal courts is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. Thus, in general the court looks to the sum demanded by the plaintiff, herein_____.

Respectfully submitted,


Vicki Pruitt Johnson
5915 Craig Street
Fort Worth, Texas 76112
(817)457-0032


## 28 U.S.C.§ 1746
I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

4. Show cause why the parties should not be held in contempt by enforcing decrees of injunction issued to compel compliance with federal law.FED.R.CIV.P.4.1 (b). Injunctions must be brought in a court defied by a contumacious act.

5. The facts and law satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on the party the signing atty. represents, both or an unrepresented party signing the pleading and the new rule so provides through costs or contempt. Attorney's signature violates the rule. (p.3, #7), (p.4, #8 and 9).

## PRAYER

Declaratory, injunctive, and compensatory relief is therefore prayed where a concrete injury was in fact caused by Defendants. A Declaratory Judgment action about the validity of a contract should bring into controversy the value of the whole contract. The proper rule is that the amount in controversy is the amount involved as a direct legal effect of the judgment; what that will be in a particular case depends on the applicable substantive law.

In a suit for specific performance of a contract to sell land, it is the fair market value of the land that is in controversy. Jurisdiction is present if the value to plaintiff exceeds the jurisdictional amount. It's right to operate and conduct its business free from wrongful interference by Defendant's had a value in excess of the jurisdictional amount, and the value of the protection of that right was determinative of the jurisdiction. It is sufficient that there is a present probability that the value of the matter in controversy will exceed the jurisdictional amount. Jurisdiction is present if the value to Plaintiff exceeds the jurisdictional amount.

The rule governing cases brought in the federal courts is that, unless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith. Thus, in general the court looks to the sum demanded by the Plaintiff, herein; 5 million dollars.

Respectfully submitted,

*Vicki Pruitt Johnson*
Vicki Pruitt Johnson
5915 Craig Street
Fort Worth, Texas 76112
(817)457-0032
vlpruittjohnson@gmail.com

## 28 U.S.C. § 1746
I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

PLAINTIFF'S ORIGINAL COMPLAINT- PAGE TEN.

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

IN RE VICKI PRUITT JOHNSON §  CASE NO. 4-23CV-454-0
  Plaintiff, §
 §
V. §
 §
TARRANT CO. JUNIOR COLLEGE, §
TARRANT CO. PERSONNEL, CIVIL SERVICE, §
AND GOVERNMENT, CITY OF FORT WORTH, §
FORT WORTH INDEPENDENT SCHOOL DIST. §
  DEFENDANTS.

## PARTIES & SERVICE

### A. PARTIES

1. Plaintiff, Vicki Pruitt Johnson is an individual, that is a citizen, under the laws of the State of Texas. Plaintiff has her principle place of business in the State of Texas @ 5915 Craig Street, Fort Worth, Texas 76112, (817) 457-0032.

### CORPORATION

2. Defendant, Tarrant County Junior College is a Corporation that is incorporated under the laws of the State of Texas. Defendant has its principle place of business in the State of Texas. Defendants may be served with process by serving its registered agent, Interim Chancellor Elva Leblanc, @ 1500 Houston Street, Fort Worth, Texas 76102, (817)515-8223.

3. Defendant Tarrant County Personnel, Civil Service, and Government is a Corporation that is incorporated under the laws of the State of Texas has its principle place of business in the State of Texas. Defendants may be served with process by serving its registered agent, County Judge Tim O' Hare @ 100 E. Weatherford Street, Ste. 301, Fort Worth, Texas 76196, (817)884-1188

4. Defendant, City of Fort Worth, Texas, is a Corporation that is incorporated under the laws of the State of Texas. Defendant has its principle place of business in the State of Texas. Defendants may be served with process by serving its registered agent, Mayor Mattie Parker @ 1000 Throckmorton Street, Fort Worth, Texas 76103, (817) 392-2255.

5. Defendant, Fort Worth Independent School District is a Corporation that is incorporated under the laws of the State of Texas. Defendant has its principle place of business in the State of Texas. Defendants may be served with process by serving its registered agent, Superintendant Angelica Ramsey @ 100 North University Drive, Fort Worth, Texas 76107, (817) 814-2000.

**ORIGINAL**

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VICKI PRUITT JOHNSON

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: **TARRANT**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **TARRANT**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [X] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
US CONSTAMENMENT V
Brief description of cause:
JUST COMPENSATION

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE MC BRYDE
DOCKET NUMBER 4-19 CV-452-A  #4/9 CV-452-A

DATE: May 5, 2023
SIGNATURE OF ATTORNEY OF RECORD: Vicki Pruitt Johnson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____