IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE VICKI PRUITT JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00454-O-BP |
| | § | |
| TARRANT CO. JUNIOR COLLEGE, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Amended Complaint (ECF No. 13) and "Affidavit in Support of Declaratory Judgment 28 U.S.C. § 1746" filed by Plaintiff Vicki Pruitt Johnson ("Johnson") (ECF No. 14); Motion to Dismiss First Amended Complaint and Brief in Support filed by Defendant "Tarrant Co. Personnel, Civil Service and Government's" ("Tarrant County") (ECF No. 19); Johnson's Response (ECF No. 30); Tarrant County's Reply (ECF No. 31); the Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support filed by Defendant Fort Worth Independent School District ("FWISD") (ECF No. 27); Johnson's Response (ECF No. 32); and FWISD's Reply (ECF No. 33) and appendix in support (ECF no. 34). Also before the Court are Johnson's requests for the Clerk's entry of default judgment against Defendants Tarrant County Junior College ("TCC") (ECF No. 35) and City of Fort Worth ("the City") (ECF No. 36). On May 5, 2023, this case was automatically referred to the undersigned under Special Order 3. ECF No. 3.

After considering the pleadings, requests, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the motions to dismiss, **DENY** the requests for entry of default judgment, and **DISMISS** Johnson's claims **without prejudice**.

### I.  BACKGROUND

Liberally construed, Johnson's Amended Complaint seeks relief because of three events. First, Johnson alleges that "the government" improperly took "the law office of Joe Jackson Jonson Jr. (the [P]laintiff's spouse)" and turned it "into Tarrant County Junior college." ECF No. 13 at 8. Mr. Johnson's former law office was located at 201 E. Belknap Street, Fort Worth, Texas 76102, and Johnson asserts that she has or had an interest in it. ECF Nos. 14 at 1, 3. She also alleges that "the government" did this without initiating "eminent domain proceedings" and that it "lacked authority to open the private property to the public without payment of just compensation to its owner." ECF No. 13 at 6, 8. Johnson does not allege when this taking occurred. She alleges that she pursued "just compensation in a state suit" and "was denied[.]" *Id.* at 2.

Second, Johnson alleges that "Tarrant County Assistant Attorney Keith Ogle" violated the Fifth and Sixth Amendments by using "Federal Court Officials to defend his representation of State Court officials [sic]" because "[s]tate [p]rosecutors cannot prosecute federal law." *Id.* at 9.

Third, Johnson alleges that her Fourth Amendment rights were violated "where envelopes were open [sic] and documents were removed from inside [P]laintiff's home without replacement of official documents that bore defendant's signature." *Id.* at 3.

### II.  LEGAL AUTHORITIES

#### A.  *Pro Se* Standard

Courts are to liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "look beyond" a prisoner's "formal complaint and [] consider as

amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Those materials include any responses to a court-issued questionnaire, which "is a useful means by which the court can develop the factual basis for the prisoner's complaint." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *see also Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (explaining that questionnaire responses supplement the inmate's complaint).

But "even a liberally construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

B.   **Rule 12(b)(1) Dismissal for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss for lack of subject matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Rule 12(b)(1) motions present either "facial" or "factual" attacks. *Brown v. Peterson*, No. 7:03-cv-0205, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006). Where, as here, the motion is "based on the complaint alone," the attack is facial, and the undersigned must "merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981)); *see also Parks v. Hinojosa*, No. 4:21-cv-00111-O, 2021 WL 1720219, at *2 (N.D. Tex. Apr. 30, 2021) (explaining that Rule 12(b)(1) motions are presumptively facial attacks).

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Any dismissal for lack of subject matter jurisdiction "should be made without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

### III.   ANALYSIS

#### 1.   Johnson has not alleged facts to show that she has standing to bring this case.

Johnson has not pleaded facts to show that she has standing to bring this case. "Lack of standing is a defect in subject matter jurisdiction." *Reyes v. N. Texas Tollway Auth.*, 830 F. Supp. 2d 194, 201 (N.D. Tex. 2011) (collecting cases). The plaintiff bears the burden of establishing standing. *La. State by & through La. Dep't of Wildlife & Fisheries v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872, 878 (5th Cir. 2023). To establish standing, Johnson must show (1) an actual or imminent, and concrete and particularized injury in fact; (2) fairly traceable to the defendant's conduct; (3) that is redressable. *Fla. Dep't of Ins., v. Chase Bank of Tex. Nat. Ass'n*, 274 F.3d 924, 928-29 (5th Cir. 2001) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561-62.

Liberally construed, Johnson alleges that "the government" improperly took her property located at 201 E. Belknap Street in Fort Worth. ECF Nos. 13 at 6, 8; 14 at 1, 3. But this alone does

4

not establish standing because Johnson never specifies who injured her. She sued four governmental entities (*see* ECF Nos. 1; 13), so "the government" does not sufficiently establish traceability to any one of the Defendants. Further, nowhere in the Amended Complaint or elsewhere in her pleadings does Johnson state how the Defendants individually are involved with Johnson or her property, or any other facts connecting Defendants to the taking of her property. Neither does she allege how the Defendants caused or are even involved with her claims for violations of the Fourth, Fifth, and Sixth Amendments. Even liberally construed, the Amended Complaint and all of Johnson's other pleadings do not state facts that give Johnson standing.

In her responses to the motions to dismiss, Johnson points to no facts in her pleadings establishing her standing. While she does correctly outline various aspects of standing law (ECF No. 30 at 7; *see also* ECF No. 32 at 6), Johnson does nothing to demonstrate that any injury was fairly traceable to any Defendant, nor that her injury is likely redressable. Instead, she concludes that "she has standing . . . to file the suit" because "[t]he Plaintiff has sufficiently demonstrated that a concrete and imminent injury was caused by" Defendants. ECF No. 30 at 7; *see also* ECF No. 32 at 6. She also says that she "suffered economic loss due to complications of challenged ordinances." ECF No. 32 at 7.

Johnson also argues that "Tarrant County Assistant District [Attorney] Keith Ogle represented [Tarrant County]" and gave "Defendants . . . an illegal advantage in a conspiracy to interfere with [P]laintiff[']s civil rights." ECF No. 30 at 7. Finally, Johnson references a form that apparently corroborates her alleged Fourth Amendment violation (*id.*) (though it is not in her pleadings). Johnson has not pleaded enough facts for the Court to determine whether any violation of Johnson's constitutional rights occurred, or that any of the Defendants violated her rights in connection with opened mail at her residence. And nothing in the Amended Complaint or either

of her responses to the pending motions to dismiss states facts that show traceability to Tarrant County, FWISD, or any of the other Defendants.

Johnson also raises several new allegations and claims for the first time in her responses. *See* ECF No. 32 at 8-10. When considering a motion to dismiss a complaint, however, a court can only rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference and matters of which a court may take judicial notice. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A plaintiff cannot add factual allegations to her complaint by way of a response to a motion. *Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-2804-M-BF, 2013 WL 5450288, at *3 n.3 (N.D. Tex. Sep. 30, 2013). Thus, the Court cannot consider these new fact allegations or claims. Therefore, because Johnson has not sufficiently alleged that she has standing, Judge O'Connor should dismiss her claims without prejudice.

### 2. Johnson is not entitled to default judgments against TCC or the City.

"When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (cleaned up). Because a lack of standing is a defect in subject matter jurisdiction, default judgment "cannot be granted if the plaintiff lacks standing." *Praetorian Special Ins. Co. v. Pelican Enterprises, LLC*, No. 1:09-195, 2010 WL 11678694, at *1 (S.D. Tex. Aug. 31, 2010) (citing *Manuel v. City of East Palo Alto*, 933 F.2d 1014, 1991 WL 89956, at *2 (9th Cir. May 24, 1991)). Having determined that Johnson failed to allege that she had Article III standing, the Court cannot order the clerk of Court to enter default or itself enter default judgment against TCC and the City as Johnson requests. Instead, the Court should dismiss Johnson's claims against them without prejudice.

## IV.     CONCLUSION

Johnson has not pleaded facts to show that she has standing to pursue her claims against the Defendants, which she must do to invoke the subject matter jurisdiction of the Court. As a result, the Court should dismiss her claims against Tarrant County and the FWISD without prejudice. Because the Court does not have subject matter jurisdiction, it cannot enter default judgment against TCC and the City and instead should dismiss Johnson's claims against them without prejudice. The undersigned therefore **RECOMMENDS** that Judge O'Connor **GRANT** the motions to dismiss (ECF Nos. 19, 27), **DENY** the requests for entry of default judgment (ECF Nos. 35-36), and **DISMISS** Plaintiff's claims against Defendants **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 17, 2023.

                                                                          Hal R. Ray, Jr.
                                                                      UNITED STATES MAGISTRATE JUDGE