**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE VICKI PRUITT JOHNSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00454-O-BP** |
| | § | |
| **TARRANT CO. JUNIOR COLLEGE,** | § | |
| *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation (the "FCR") of the United States Magistrate Judge (ECF No. 40), Plaintiff's Objections (ECF No. 43), Defendants' Responses (ECF Nos. 44, 45). After reviewing all relevant matters of record in this case *de novo*, the Court determines that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court in accordance with 28 U.S.C. § 636(b)(1).

### I.    LEGAL STANDARD

Federal Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. FED. R. CIV. P. 72(b)(2). An objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'" under Rule 72(b). *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (citation omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Frivolous, conclusive or general objections need not be considered by the district court.").

An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984).

A court may properly deny relief when objections are not specific enough to comply with Rule 72(b). *See Cuza*, 2023 WL 3270064 at *1–2 (dismissing the pro se's petition that did "not point out specifically where he believes [the magistrate judge] erred, whether it be in her fact-finding, legal analysis, or otherwise"); *Meggett v. Ayala-Meggett*, No. SA-15-CV-339-XR, 2015 WL 13216434, at *2 (W.D. Tex. Dec. 11, 2015) (finding court was not required to conduct a *de novo* review where pro se plaintiff did "not attempt to offer specific objections to the [m]emorandum and [r]ecommendation, but rather, simply rehashe[d] the factual allegations that [were] contained in his [a]mended [c]omplaint"). A "district judge must only determine de novo any part of the magistrate judge's disposition that has been properly objected to," otherwise a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(b)(3).

## II.    ANALYSIS

At the outset, Plaintiff does not satisfy the requirements of Rule 72(b). Although the FCR notified Plaintiff of her right to file objections pursuant to Rule 72,[1] her objections generally do not identify any specific finding or recommendation with which she takes issue. Besides a single specific objection related to the filing of her amended complaint—which has nothing to do with the reasons the FCR recommended dismissal—Plaintiff's objections do not otherwise state a coherent basis or specify the place in the FCR where the disputed determination is found. Most importantly, Plaintiff does not specifically object to those findings that support the FCR's

---

[1] Findings, Conclusions, and Recommendation of the United States Magistrate Judge 7, ECF No. 40 ("Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections . . . [that] identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.").

dismissal for lack of standing. Instead, Plaintiff raises irrelevant arguments or new arguments that are not in her pleadings about a different case and other defendants not before this Court.[2] The FCR correctly determined that it could not consider matters outside the pleadings in ruling upon Defendant's motion to dismiss.[3] The same is true when new allegations are raised for the first time in an objection to the Magistrate Judge's findings. *See Cupit v. Whitley*, 28 F.3d 532, 542 n.5 (5th Cir. 1994) (explaining that new allegations raised for the first time in objections to a magistrate judge's findings are improper). Moreover, for those objections untethered to a specific finding in the FCR, the Court is not required to conduct a *de novo* review. *Cuza*, 2023 WL 3270064, at *1–2; *Meggett*, 2015 WL 13216434, at *2. However, recognizing Plaintiff's pro se status, the Court briefly explains why these objections are unavailing.

Liberally construing Plaintiff's objections, the Court finds that they are largely irrelevant or fail to identify the particular finding or recommendation to which objection is made. Plaintiff objects to the failures of the Attorney General of Texas and the Attorney General of the United States to intervene on her behalf.[4] However, such concerns are properly raised to the offices of those government officials—not this Court. Likewise, Plaintiff's concerns regarding how a state probate court conducted proceedings are should be raised with that state court.[5] After doing so, any dissatisfaction with how the probate court handled her case should be appealed using the appropriate state court channels and procedures rather than seeking relief in federal court. Finally,

---

[2] *See, e.g.*, Pl.'s Objections 6, ECF No. 43 (alleging for the first time that "[t]he court clerk of Judge Wallace Jennifer Ramos" is somehow associated with "Fort Worth Independent School  Districts [sic] Board President Jacinto Ramos Jr." which, according to Plaintiff, "is further evidence of the racial based invidiously discriminatory animus originally noted in the Plaintiff's response to the Fort Worth Independent School Districts Motion to Dismiss").

[3] Findings, Conclusions, and Recommendation of the United States Magistrate Judge 7, ECF No. 40

[4] Pl.'s Objections 3–4, 5–6, ECF No. 43.

[5] *Id.* at 6–7.

Plaintiff's objection that she was not provided counsel fares no better.[6] This is a civil—not a criminal—matter, which means there is no categorical right under the Sixth Amendment to court-appointed counsel. U.S. CONST. amend. VI ("In all *criminal* prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." (emphasis added)).

The only specific objection Plaintiff raises is that she never filed an amended complaint.[7] However, a *de novo* review of the separate complaints filed by Plaintiff demonstrates that an amendment was made despite the later filing lacking the amendment label.[8] The Magistrate Judge correctly treated the later-filed complaint as an amendment. *See Hand v. Berlusconi*, 2022 WL 16556811, at *1 (S.D. Tex. Oct. 31, 2022) ("[T]he label or title a [plaintiff] gives to pro se pleadings is not controlling" and instead "courts look at the content of the pleading") (first citing *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983); then citing *Andrews v. United States*, 373 U.S. 334, 338 (1963)). Regardless, this determination that Plaintiff amended her complaint does not change the fact that Plaintiff lacks standing. This standing deficiency is present in both complaints.

Lack of standing is the reason for the recommended dismissal.[9] The FCR concluded that Plaintiff does not allege sufficient facts in her amended complaint (ECF No. 13) to demonstrate standing because she never specifies (1) who injured her, (2) how the Defendants are involved with her or her property, or (3) how Defendants caused violations of her Fourth, Fifth, and Sixth Amendment rights.[10] Plaintiff's objections do not address, much less contest, these findings. While

---

[6] *Id.* at 3–4.
[7] *Id.* at 2 ("The first objection to the Magistrates "FINDINGS OF FACT" is that the "ORIGINAL COMPLAINT" was never amended.").
[8] *Compare* Pl.'s Original Compl., ECF No. 1, *with* Pl.'s [Amended] Compl. ECF No. 13; *see also* Def. Tarrant County's Mot. to Dismiss 114 n.1, ECF No. 19 (pointing out the differences between the two complaints).
[9] Findings, Conclusions, and Recommendation of the United States Magistrate Judge 6, ECF No. 40
[10] *Id.* at 5.

she does correctly outline certain aspects of standing law, she does not articulate how she meets

the standing requirements. Instead, Plaintiff merely states—largely in a conclusory fashion—that

she has standing to sue.[11] To the extent that Plaintiff's allegations regarding someone opening

envelopes and removing documents from her home constitute an effort to object to the Magistrate

Judge's standing determination,[12] she falls short of showing how these actions form a concrete

harm traceable to Defendants. Without more, the Magistrate Judge correctly found that Plaintiff

lacks standing to pursue her claims against Defendants. And Plaintiff does not specifically

articulate any error in this conclusion.

## III.   CONCLUSION

Plaintiff fails to substantively or coherently engage with the bases for the recommended

dismissal. She also, as a whole, fails to identify the particular finding or recommendation to which

objection is made. After conducting a *de novo* review and finding no error, the Magistrate Judge's

Findings and Conclusions are correct, and they are accepted as the Findings and Conclusions of

the Court. Accordingly, it is **ORDERED** that the motions to dismiss (ECF Nos. 19, 27) are

**GRANTED**, the requests for entry of default judgment (ECF Nos. 35-36) are **DENIED**, and

Plaintiff's claims against Defendants are **DISMISSED without prejudice**.

**SO ORDERED** on this **25th day** of **March, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[11] *See* Pl.'s Objections 1, ECF No. 43 ("Plaintiff sued defendants and has standing under U.S. CONST. ART. III § 2 of the ADMIRALTY CLAUSE, U.S. CONST. ART. I. § 8 CL. 3 of the COMMERCE CLAUSE, U.S. CONST. FIFTH AMEND. OF THE TAKING CLAUSE."); *id.* ("Plaintiff sued defendants and has STANDING under THE CIVIL RIGHTS ACT."); *id.* at 4 ("Pursuant to the doctrine of standing, a litigant who can point to a concrete and adverse act, and who has been actually injured for such purposes as to deprive her of an established claim by infliction of an actual injury whereby she is deprived of something of value has subject matter jurisdiction. Keith Ogle's representation, defense, and ratification of Defendants who were in violation of U.S. CONST. 6th AMEND. ultimately caused a concrete and adverse act that injured the Plaintiff.")
[12] *Id.* at 2.

5